UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS SYLVESTER MCCOY JR.,

    Plaintiff,

v.                                              Case No. 5:22-cv-248-TKW-MJF

RAYMOND MCNEIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff, a pre-trial detainee in custody of the Bay County Jail, commenced this action alleging that Defendants violated his civil rights.

On May 29, 2022, Plaintiff—a convicted felon who serving a term of supervision—was walking on the sidewalk next to "Chico Porter." Doc. 1 at 6. Defendants—various police officers and investigators employed by the Panama City Police Department—were patrolling the area, identified Porter, and confirmed that a court has issued a warrant for Porter's arrest. *Id.* at 6, 16. Defendants approached

Plaintiff and Porter to arrest Porter. *Id.* Porter and Plaintiff fled in opposite directions. *Id.* at 6. The Defendants pursued Porter and Plaintiff. *Id.* According to Defendant McNeil's criminal affidavit-complaint—which Plaintiff appended as an exhibit to his civil complaint—Plaintiff "fled on foot through several backyards" and McNeil and other Defendants "gave several loud verbal orders of 'Police, Stop!'" *Id.* at 16. Plaintiff, however, did not stop voluntarily. Instead, Defendants "tackled plaintiff." *Id.* at 6.

According to Plaintiff, Defendants then beat him. As a result, Plaintiff suffered a fractured jaw, bruised ribs, and a black eye. *Id.* at 7. Plaintiff alleges that the pursuit and use of force violated the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and violated the Florida Constitution. *Id.* at 8.

## II. DISCUSSION

**A.     Screening of Plaintiff's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

**B.   Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 9. The complaint advises that the "*failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*" *Id.* The complaint form asks three questions:

> A. Have you had any case in federal court . . . dismissed . . . prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you ever filed any other lawsuit . . . in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 10-11. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose <u>each</u> case. *Id.*

Plaintiff responded, "No" to each question. He also did not disclose any cases. At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under the penalty of perjury, that all information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 13-14. Thus, at the time Plaintiff signed his complaint, he asserted that he had never filed any lawsuit in federal court challenging the conditions of his confinement and that he never had a case in federal court dismissed prior to service.

**C.     Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint, Plaintiff failed to disclose that he recently filed a civil rights complaint alleging that correctional officials at Martin Correctional Institution used excessive force against him. *McCoy v. Garbo*, No. 1:19-cv-20807, Complaint, ECF No. 1 at 2 (S.D. Mar. 1, 2019). This case was dismissed prior to service. *Id.*, Order Adopting Dismissal, ECF NO. 12, (S.D. Fla. May 6, 2019) (dismissing Plaintiff's complaint prior to service

because he failed to comply with the court's orders). Thus, this case was responsive to both Questions A and C on the complaint form.[1]

Because he failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

D. **Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of

---

[1] Plaintiff is currently in the custody of Bay County Jail and uses the inmate number assigned to him by the Bay County Jail. At the time Plaintiff commenced his prior lawsuit, he was in the custody of the Florida Department of Corrections. Nevertheless, this case is attributable to Plaintiff because he attached to his current complaint the Bay County Jail Detention Intake Form. This form includes—among other things—Plaintiff's photograph and his date of birth. Doc. 1 at 15. The Florida Department of Correction's website also includes a photograph of Plaintiff and his date of birth. *Corrections Offender Network Supervised Population Information Detail*, FLORIDA DEPARTMENT OF CORRECTIONS, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=Q34116&TypeSearch=AO&NoP=1 (last updated Oct. 30, 2022). Additionally, the Florida Department of Correction's website reflects that Plaintiff was on supervised release while living in Panama City, Florida. *Id.* Currently, however, his status is "Active Suspense" which means he is "temporarily unavailable for direct supervision during the supervision term, due to being in custody in jail or another facility." *Id.*

> whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs

generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases that related to the conditions of his confinement and that were dismissed prior to service. Doc. 1 at 10-11. The complaint form expressly warns prisoners: "*[F]ailure to disclose all prior state and federal cases . . . may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*" *Id.* at 9. There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Further, to the extent he could not remember fully his litigation history or was unsure whether to disclose the case, Plaintiff could have

indicated that on the complaint form. He did not. Rather, he affirmatively represented that he had never filed a federal lawsuit before commencing this action.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.  The Appropriate Sanction Is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred on May 29, 2022. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2.     **DIRECT** the clerk of the court to terminate all pending motions and close this case.

At Pensacola, Florida, this 17th day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**